COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-448-CV

 

 

$7616 IN U.S. CURRENCY AND                                             APPELLANT

ONE SUITCASE

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 372ND
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Raymond
Joseph Serrano attempts to appeal the trial court=s judgment,
entered in the State=s favor after a civil forfeiture hearing.[2]  Because Serrano=s notice of appeal
was untimely filed, we dismiss the appeal for want of jurisdiction.








The trial court
signed the judgment at issue on February 18, 2000.  Accordingly, Serrano=s notice of appeal
was due within thirty days of February 18, 2000.  See Tex. R. App. P. 26.1 (providing
that the notice of appeal must be filed within thirty days after the judgment
is signed).[3]
 Serrano filed his notice of appeal on
November 10, 2008.

Because Serrano=s notice of appeal
appeared to be untimely filed, we notified him on November 26, 2008, of our
concern that this court might not have jurisdiction over his appeal.  We informed him that unless he or any party
desiring to continue the appeal filed with the court, on or before Monday,
December 8, 2008, a response showing grounds for continuing the appeal, this
appeal would be dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 44.3.  








Serrano filed a
response on December 10, 2008, but he failed to show any grounds for continuing
the appeal.  Times for filing a notice of
appeal are mandatory and jurisdictional, and absent a timely filed notice of
appeal or extension request, we must dismiss the appeal.[4]  See Tex. R. App. P. 25.1(b), 26.1,
26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997). Because Serrano=s notice of appeal
was not timely filed, we dismiss his appeal for want of jurisdiction.  See
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

 

PANEL:  MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: January 8,
2009











[1]See Tex. R. App. P. 47.4.





[2]See State v. $7,616.00 in
U.S. Currency & One Suitcase, No. S-5908 (372nd Dist. Ct., Tarrant County,
Tex. Feb. 18, 2000).





[3]There are exceptions to
the thirty-day requirement, but none apply here.  See Tex. R. App. P. 26.1(a)(1)B(4), 26.1(c), 26.3, 30.





[4]In his response, Serrano
requested a thirty-day extension to secure a copy of the rules of appellate
procedure so that he could proceed pro se with his appeal.  Had we granted Serrano such an extension,
this dismissal still would have resulted, as he filed his notice of appeal over
seven years late.